ROBERT W. FREEMAN
Nevada Bar No. 03062
Email: Robert.Freeman@lewisbrisbois.com
PAMELA L. MCGAHA
Nevada Bar No. 08181
Email: Pamela.McGaha@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
Email: Cheryl.Grames@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| SHANE SPILLETT,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS, I though X, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** |

Pursuant to 28 U.S.C.§ 1441 (b), Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, files this Petition for Removal of Clark County District Court Case No. A-18-768472-C styled *Shane Spillett v. State Farm Mutual Automobile Insurance Company, et al.* and states as follows:

1. On January 26, 2018, an action was commenced in the Eighth Judicial District Court, Clark County, State of Nevada, entitled *Shane Spillett v. State Farm Mutual*

*Automobile Insurance Company, et al.,* Case No. A-18-768472-C ("State Court Action"). Copies of the Complaint ("State Court Complaint"), Summons, and Proof of Service are attached hereto and marked respectively as **Exhibits A, B, and C,** constituting all of the papers and pleadings served on Defendant State Farm.

2. Service of the Summons and Complaint upon Defendant State Farm was made by the Division of Insurance on March 16, 2018.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant State Farm pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in the unofficial Southern District of the Court pursuant to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441 (a); and LR IA6-1.

5. In the State Court Action, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Complaint in this action contains allegations that State Farm failed to meet its contractual obligations to Plaintiff arising from an insurance contract and that such actions constitute bad faith, for which Plaintiff seeks to recover special and general damages, as well as punitive damages.[1]

Plaintiff's Complaint alleges Plaintiff made a demand for the available limits of the underinsured motorist coverage ("UIM") provision of the policy. *Exhibit A*, 4:1-5. The applicable UIM limits are **$25,000.00**. *Id.* at 4:2-3. Plaintiff's Complaint alleges bodily injury as a result of the subject accident and claims damages for medical bills, medication, therapy, emotional trauma, mental anguish and pain and suffering in excess

---

[1] There are several cases analogous to this one in which a jury verdict of punitive damages support a finding in this case that Plaintiff's claimed damage amounts could exceed $75,000. *See, Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (U.S. 1991)(affirming nearly $1 million punitive damages award over insurer's mishandling of $4,000 medical claim); *Banker's Life & Cas. Co. v. Crewnshaw*, 486 U.S. 71 (U.S. 1988)(affirming punitive damages award of $1.6 million arising out of insurer's failure to pay a $20,000 medical claim).

of $79,000. *Id.* at 3:12-19.

Plaintiff asserts six causes of action, five of which seek additional damages in excess of the UIM policy limits.

(1) Plaintiff's first cause of action for breach of contract seeks an undetermined amount in damages in excess of the **$25,000** UIM policy limits, including but not limited to interest and other incidental and foreseeable out-of-pocket expenses, including attorney's fees and costs of this suit. *Id.* at 5:1-5. These damages are not quantified, but Plaintiff alleges Defendant State Farm's actions in breaching the contract warrant the imposition of punitive damages in excess of **$15,000**. *Id.* at 6-10.

(2) Plaintiff's second cause of action is contractual and/or tortious breach of the implied covenant of good faith and fair dealing. Plaintiff seeks damages in excess of **$15,000** related to his second cause of action. *Id.* at 5:26-28. Additionally, Plaintiff alleges Defendant State Farm's actions related to these allegations warrant the imposition of punitive damages in excess of **$15,000**. *Id.* at 6:5-9.

(3) Plaintiff's third cause of action alleges breach of fiduciary duty/bad faith. Plaintiff seeks damages in excess of **$15,000** related to his third cause of action. *Id.* at 6:19-22. Plaintiff also alleges Defendant State Farm's actions related to these allegations warrant the imposition of punitive damages in excess of **$15,000**. *Id.* at 6:23-27.

(4) Plaintiff's fourth cause of action alleges violation of the Unfair Claim Practices Act - Unfair Trade Practices (686A.310 *et. seq.*). Plaintiff seeks damages in excess of **$15,000** related to his fourth cause of action due to Defendant State Farm's alleged breach of its statutory duties. *Id.* at 7:22-24. Additonally, Plaintiff alleges Defendant State Farm's breach of its statutory duties affords recovery for attorneys fees and costs of an undetermined amount. *Id.* at 7:25-27. Plaintiff also claims punitive damages of an undetermined amount related

to violations of the statute. *Id.* at 8:1-6.

**Plaintiff's Complaint sets forth a minimum combined amount of damages in the amount of $90,000, and based upon the allegations within the Complaint, it appears Plaintiff will seek far in excess of this amount at the time of trial** ($25,000 UIM limits, plus $15,000 each per six specific categories of damages, plus unquantified damages). This amount does *not* include consideration for other damages Plaintiff identified, but which were not quantified.

A defendant's duty is not to prove by a preponderance of the evidence that Plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the Plaintiff's potential gain exceeds the jurisdiction limit. *Id.* The pertinent question the Court is to ask is whether or not Plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claim considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery, that award would be over the jurisdiction threshold, then jurisdiction with the Federal Court should remain.

It is apparent from the pleadings, Plaintiff seeks to recover extra-contractual damages in addition to the UIM policy limits. Specifically, Plaintiff's Complaint sets forth damages in excess of $90,000 that he intends to seek at trial. Thus, the jurisdictional threshold amount of $75,000 is satisfied for removal purposes. It is apparent from the type of damages alleged in the Complaint that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6. Defendant State Farm is informed and believes that Plaintiff was, at the time of filing of the State Court Action, and still is, a resident of Clark County, State of Nevada. State Farm is a corporation organized and existing under the laws of the State of Illinois, with its principal places of business in Illinois.

7. Based on the foregoing, Defendant State Farm respectfully submits that (a) there is diversity of citizenship between Plaintiff and Defendant State Farm and (b) the amount in controversy exceeds $75,000.00. This action is, therefore properly removed to the United States District Court for the District of Nevada.

DATED this 13th day of April, 2018.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Robert W. Freeman

ROBERT W. FREEMAN
Nevada Bar No. 03062
PAMELA L. MCGAHA
Nevada Bar No. 08181
CHERYL A. GRAMES
Nevada Bar No. 12752
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*State Farm Mutual Automoble Ins. Co.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of April, 2018, I electronically filed the **PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** with the Clerk of the Court through Case Management/Electronic Filing System.

Jerome R. Bowen, Esq.
Daniel P. Nubel, Esq.
BOWEN LAW OFFICES
9960 W. Cheyenne Avenue
Suite 250
Las Vegas, Nevada 89129

By: */s/ Kristen Freeman*
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP

# EXHIBIT A-
# Complaint

EXHIBIT A -
Complaint



Electronically Filed
1/26/2018 12:13 PM
Steven D. Grierson
CLERK OF THE COURT

JEROME R. BOWEN, ESQ.
Nevada Bar No.4540
DANIEL P. NUBEL, ESQ.
Nevada Bar No. 13553
**BOWEN LAW OFFICES**
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Telephone: (702)240-5191✦Facsimile: (702) 240-5797
twilcox@lvlawfirm.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

| | |
|---|---|
| SHANE SPILLETT, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants. | Case No.: A-18-768472-C<br>Dept No.: Department 32<br><br>**COMPLAINT**<br><br>**ARBITRATION EXEMPTION CLAIMED**<br>**Declaratory Relief Requested** |

Plaintiff, Shane Spillett ("Plaintiff" or "Mr. Spillett"), by and through his counsel, BOWEN LAW OFFICES, complains and alleges as follows:

**PARTIES & JURISDICTION**

1. That at all times relevant hereto, Plaintiff, Shane Spillett, was a resident of Clark County, State of Nevada.

2. The underlying accident which is the subject of this lawsuit occurred in Clark County, Nevada, and the subject policy of insurance was issued by Defendant State Farm in Nevada to Plaintiff

3. Plaintiff is informed and believes, and upon that information and belief, alleges that at all times relevant herein, Defendant State Farm Mutual Automobile Insurance Company ("State

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

Farm" or "Defendant") is a foreign corporation of Clark County, Nevada. Further, Defendant State Farm committed actionable conduct in the State of Nevada and has sufficient minimum contacts within the State of Nevada to subject itself to the jurisdiction of the courts of the State of Nevada.

4. The Defendants designated as DOES I through X, inclusive, are owners, employers, employees, agents, assigns, partners, predecessors or successors in interest, and/or contractors of Defendant and/or are other individuals who were involved in the acts which form the basis of the allegations and claims contained herein. The true and correct names of said Defendants are currently unknown to Plaintiff who therefore sues said Defendants by said fictitious names. When the true identities of said Defendants are ascertained, Plaintiff will ask leave of this Court to amend his Complaint to insert such names.

5. The Defendants designated as ROE Corporations I through X, inclusive, are the owners, employers, general contractors or contractors, assignors, parent or subsidiary business entities, partner, and/or predecessor or successor entities of Defendant, and each of them, or are otherwise somehow responsible for the acts which form the basis of the allegations and claims contained herein. The true and correct identities of said business entities and/or corporations are at this time unknown to Plaintiff who therefore sues said business entities and/or corporations under such fictitious names. When the true names of said Defendants are ascertained, Plaintiff will ask leave of this Court to amend his Complaint to insert such names.

6. Pursuant to NRCP 10 (a) and Nerenberger Hercules-Weke GMBH v. Virosiek 107 Nev. 873, 822 P.2d 1100 (1991), the identity of defendants designated as DOE Defendants and/or ROE CORPORATIONS I through X are unknown at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which they are presently unaware. These defendants are in some manner negligently, vicariously or statutorily responsible for the events and happenings referred to and caused damages proximately to Plaintiff herein. When the specific identities of these parties are revealed through the course of discovery, the DOE/ROE appellation will be replaced to identify these parties by their true names and capacities.

7.     Venue is proper in this District Court as the automobile accident that is the subject of this lawsuit occurred in Clark County, Nevada. Plaintiff, who was injured in said accident, is a resident of Las Vegas, Nevada. Defendant State Farm, the insurer of of both the non-party tortfeasor and Plaintiff, engaged in the transaction of business which involved written insurance contracts issued in Nevada to be performed in Nevada and thus jurisdiction and venue are properly before this Court.

## GENERAL ALLEGATIONS

8.     At all relevant times, there was in full force and effect a automobile insurance policy (the "Policy") between Plaintiff and Defendant whereby Defendant agreed to provide Plaintiff with, among other coverages, an underinsured motorist protection benefit. Plaintiff paid his premiums in reliance of receiving this underinsured motorist protection if he would so need it in the future.

9.     On or about October 23, 2012, at approximately 7:31 a.m., Mr. Spillett was driving his 2002 Toyota and was traveling Southbound on Buffalo Drive entering the intersection of North Robindale Road when Ms. Mogielnicki, the driver of a 2002 Lexus was traveling Westbound on Robindale Road, proceeded through her stop sign at the intersection and struck left side of Mr. Spillett's vehicle. As the sole result of the negligence of a non-party tortfeasor, Ms. He-Sun Mogielnicki, an underinsured motorist per her Policy, Mr. Spillett incurred damages in medical bills, medication, therapy, emotional trauma, mental anguish, and pain and suffering in excess of $79,000.00.

10.     As a result of the aforementioned accident with the third-party at fault driver, Plaintiff demanded and settled for policy limits of $25,000.00 from Ms. Mogielnick for her State Farm policy. However, the policy proceeds were inadequate for his incurred damages.

11.     Prior to the subject collision, Plaintiff purchased an automobile insurance policy (the "Policy") from State Farm in Nevada which provided various forms of motor vehicle coverage, including benefits for compensation resulting from injuries and damages caused by underinsured motorists. At the time of the subject collision, Plaintiff's Policy issued by Defendant State Farm, and/or DOES I through X, and Roe Corporations XI through XX, was in full force and effect.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191  FAX: 702-240-5797

12. Following the collision, Plaintiff timely presented State Farm with all of his accident-related medical records and bills, and on or about February 6, 2015, Plaintiff made a demand for contractual underinsured motorist policy benefits up to his limit of $25,000.00 from State Farm. In this request, Plaintiff informed Defendant that the non-party tortfeasor's underlying insurance limit of $25,000.00 was far too low to fully compensate Plaintiff for his incurred damages.

13. On March 18, 2015, State Farm substantially undervalued Plaintiff's claim and failed to make adequate payment to Plaintiff as was required under the UIM insurance policy. State Farm's refusal to make adequate payment to Plaintiff was made without a reasonable basis in fact or law. State Farm's refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying benefits of contract for UIM coverage to Plaintiff. offer to compensate him for the full extent of his entitled contractual benefits.

14. State Farm's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy. State Farm's actions herein constitute bad faith insurance practices.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

15. Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

16. The Policy is and was at all relevant times hereto a valid and enforceable agreement between Plaintiff and Defendant. Plaintiff performed all conditions, covenants and promises required to be performed by him in accordance with the terms and conditions of said Policy.

17. By the terms of the Policy, Defendants (as well as Doe I-X and Roe Corporations XI-XX) were obligated to fully compensate Plaintiff for the injuries and damages he sustained by an underinsured motorist in the subject motor vehicle collision, up to the limits of his coverage. Defendant failed to perform this obligation under the Policy, despite Plaintiff timely providing Defendant with all of his relevant medical records and bills. Defendants breached the agreement by, *inter alia*, refusing to properly compensate Plaintiff.

18. As a direct and proximate cause of Defendants breaches, Plaintiff sustained damages in excess of the UIM policy limits, including but not limited to interest and other incidental and foreseeable out-of-pocket expenses, including the need to retain the services of an attorney to obtain the wrongfully contested and withheld benefits, and the resulting attorney's fees and other costs of suit, the total amount of which will be subject to proof at the time of trial.

19. Defendant State Farm's (as well as Doe I-X and Roe Corporations XI-XX) conduct described herein subjected and continues to subject Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice, entitling Plaintiff to punitive or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) sufficient to punish or set an example of Defendant State Farm.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

**SECOND CAUSE OF ACTION**

**(Contractual and/or Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

20. Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

21. The Policy referred to above was contractual, and as such, there existed an implied in law term imposing an obligation of good faith and fair dealing. Said term obligates the Defendants to refrain from taking any action which would otherwise interfere with the lawful and legal rights of Plaintiff to carry out the terms of the agreements. Further, said term requires that Defendants refrain from carrying out any act which would otherwise cause undue hardship on the Plaintiff.

22. Defendant State Farm (as well as Does I-X and Roe Corporation I-X) breached the covenant of good faith and fair dealing by failing to fully compensate Plaintiff for the injuries and damages he sustained by an underinsured motorist in the subject motor vehicle collision, up to the limits of his coverage.

23. As a direct and proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00) and other incidental and foreseeable out-of-pocket expenses the total amount of which will be subject to proof at the time of trial.

24. An additional result of Defendant State Farm's (as well as Does I-X and Roe Corporation I-X) conduct is that it has caused Plaintiff much anxiety, worry, and stress. Plaintiff has been required to retain legal counsel to prosecute this action. Plaintiff is therefore entitled to recover reasonable attorney's fees, costs and expenses incurred in this action.

28. Defendant State Farm's (as well as Doe I-X and Roe Corporations XI-XX) conduct described herein subjected and continues to subject Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice, entitling Plaintiff to punitive or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) sufficient to punish or set an example of Defendant State Farm.

**THIRD CAUSE OF ACTION**

**(Breach of Fiduciary Duty / Bad Faith)**

26. Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

27. Defendant State Farm, and/or its agents, also breached the duty known as the "special relation duty" owed by insurer to its insured as well as the fiduciary duty owed by an insurance carrier to its own insured constituting the tort of insurance bad faith, in failing to reasonably, properly, fairly, and timely evaluate and tender reasonable underinsured motorist policy benefits owed to Plaintiff as provided for by the policy of insurance.

28. As a proximate result of Defendant State Farm and its agents' breach of the special and fiduciary duty owed to Plaintiff, Plaintiff has suffered financial loss, anxiety, worry, mental and emotional distress and other incidental damages all to Plaintiff's general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

29. Defendant State Farm's (as well as Doe I-X and Roe Corporations XI-XX) conduct described herein subjected and continues to subject Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice, entitling Plaintiff to punitive or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) sufficient to punish or set an example of Defendant State Farm.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

**FOURTH CAUSE OF ACTION**

**(Violation of the Unfair Claim Practices Act - Unfair Trade Practices)**

30. Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

31. Defendant State Farm is a member of the class of entities intended to be regulated by Nevada Revised Statutes 686A.310, *et seq*. Plaintiff is a member of the class of persons protected by Nevada Revised Statutes 686A.310, *et seq*.

32. Defendants (as well as Does I-X and Roe Corporation I-X), each of them, engaged in the business of insurance in Nevada is, and at all times mentioned was a member of the class regulated by NRS 686A.310, *et. seq*. Defendants, each of them, owed a duty to Plaintiff to act fairly in handling claims as required by NRS 686A.10 and NAC684A.675.

33. Defendants (as well as Does I-X and Roe Corporation I-X) violated their duty to Plaintiff to act fairly in handling claims under NRS 686A.310 and NAC 686A.675 by the conduct enumerated herein above, including, but not limited to: wrongfully contesting the Policy; failing to acknowledge and act reasonably and promptly upon communications with respect to the claims arising out of the policy of insurance; failing to place Plaintiff's interests on equal ground with their own; refusing to pay all sums due to Plaintiff; compelling Plaintiff to institute litigation to recover amounts due under the insurance policy and carrying out unfair and deceptive trade practices in the business of insurance; violating NRS 686A.310 (b),( c), (d),(l) &(n). By the aforesaid acts and omissions, Defendant State Farm has violated its statutory duties contained with Nevada Revised Statutes 686A.310, *et seq*.

34. As a proximate result of Defendant State Farm and its agents' breach of its statutory duties, Plaintiff has suffered damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

35. Plaintiff has been required to retain legal counsel to prosecute this action. Plaintiff is therefore entitled to recover reasonable attorney's fees, costs and expenses incurred in this action.

36. That as a further proximate result of Defendants' (as well as Does I-X and Roe Corporation I-X) conduct described herein was intended to cause injury to Plaintiff or was despicable

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

conduct carried on by Defendants, which has been reckless, willful, malicious and/or negligent and done with a conscious disregard of Plaintiff's rights, subjected Plaintiff to cruel and unjust hardship, and was intentional misrepresentation, deceit, or concealment of material facts known to Defendants with the intention, implied or in fact, to deprive, Plaintiff of property, legal rights, or to otherwise oppress and/or cause injury, under NRS 42.005, thereby entitling Plaintiff to punitive and/or exemplary damages in an amount appropriate to punish or set an example of Defendants.

**FIFTH CAUSE OF ACTION**

**(Negligent and/or Intentional Misrepresentation)**

37. Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

38. Defendant State Farm owed a duty to Plaintiff to ensure that the insurance contract was generally fit for the ordinary purpose for which it was written and that Defendant would honor the contract terms when presented with a valid claim.

39. Defendant State Farm knew or should have known that Defendant would not honor the terms of the insurance contract prior to selling the Policy to Plaintiff, but negligently and/or intentionally misrepresented to Plaintiff it would do so.

40. Plaintiff relied on Defendant's representations when he entered into the insurance contract, and said representations served as an inducement to enter into said contract.

41. That by failing to ensure that the insurance contract adequately protected Plaintiff prior to inducing Plaintiff to enter into the contract, Defendant breached its duty to the Plaintiff.

42. As a proximate result of Defendant State Farm and its agents' negligent and/or intentional misrepresentations, Plaintiff has suffered damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**SIXTH CAUSE OF ACTION**

**(Declaratory Relief)**

43. Plaintiff repeats and re-alleges each and every preceding allegation as though fully set forth herein.

44. Defendant State Farm owed Plaintiff the following duties, among others: (a) a duty

to honor the UIM insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff; © a duty to evaluate the Plaintiff's claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insured through unnecessary litigation; (h) a duty not to put its insured's assets at risk; (i) a duty to refrain from actions that would injure the Plaintiff's insured ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

45. Upon information and belief, the Plaintiff alleges that Defendant State Farm breached its duties owed to Plaintiff by, among other things: (a) failing to honor the UIM insurance contract; (b) failing to conduct a prompt, reasonable and diligent investigation of the claims made against State Farm Insurance; © failing to evaluate the claim fairly; (d) failing to tender the claims; (e) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claims; (g) failing to accept reasonable and fair offers of settlement; (h) putting its insured, Plaintiff herein, through unnecessary litigation; (i) putting its insured's personal assets at risk; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiff herein.

46. As a direct and approximate result of State Farm's breaches of its duties that it owed to its insured, the Plaintiff herein, Plaintiff has been deprived of the benefits to which he was entitled and for which he bargained in the insurance contract, and was forced to incur expenses to obtain the benefits to which they were otherwise entitled and Plaintiff has otherwise been damaged in amounts to be determined at trial. State Farm's actions herein constitute bad faith insurance practices.

47. A dispute now exists between Plaintiff and Defendants (as well as Does I-X and Roe Corporation I-X) as to the rights and obligations of the parties concerning the above-mentioned allegations. Therefore, pursuant to N.R.S. 31.010, et seq., Plaintiff is entitled to have this court enter a declaratory judgement setting forth the respective rights, duties and obligations of the parties hereto. The Court should enter declaratory judgment, that Defendants must pay the policy limits to

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

Plaintiff herein, in order to satisfy the damages sustained by Plaintiff in the underlying accident.

48. Plaintiff has been required to retain legal counsel to prosecute this action. Plaintiff is therefore entitled to recover reasonable attorney's fees, costs and expenses incurred in this action

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment in his favor and against Defendant (as well as Does I-X and Roe Corporation I-X) as follows:

1. For general and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. For punitive damages and exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

3. For declaratory judgment setting forth the rights, duties and obligations of the parties under the aforementioned agreements, as well as pay the policy limits to Plaintiff herein.

4. For Treble damages;

5. For Interest;

6. For reasonable attorney's fees and costs; and

7. For such other relief as the Court deems just and proper

DATED this 23 day of January, 2018.

**BOWEN LAW OFFICES**

JEROME R. BOWEN, ESQ. (SBN 4540)
DANIEL P. NUBEL, ESQ. (SBN 13553)
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Telephone: (702)240-5191
Facsimile: (702) 240-5797
Attorneys for Plaintiff

# EXHIBIT B - Summons

EXHIBIT B - Summons

Electronically Issued
3/2/2018 11:16 AM




JEROME R. BOWEN, ESQ.
Nevada Bar No.4540
DANIEL P. NUBEL, ESQ.
Nevada Bar No. 13553
**BOWEN LAW OFFICES**
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Telephone: (702)240-5191✦Facsimile: (702) 240-5797
twilcox@lvlawfirm.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

| | |
|---|---|
| SHANE SPILLETT, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants. | Case No.: A-18-768472-C<br>Dept No.: 32<br><br>**SUMMONS** |

**TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Ste. 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

[signature]

JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
DANIEL NUBEL, ESQ.
Nevada Bar No. 13553
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Attorney for Plaintiffs

By: Josefina San Juan 3/2/2018
CLERK OF THE COURT Date
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).

BOWEN LAW OFFICES
Conquistador Plaza
9960 W. Cheyenne Ave., Ste. 250
Las Vegas, Nevada 89129
702-240-5191 FAX: 702-240-5797

# EXHIBIT C - Proof of Service

EXHIBIT C - Proof of Service

**PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

State Farm Mutual Automobile Insurance Company
c/o CSC Services of Nevada, Inc.
2215 Renaissance Dr., Ste. B
Las Vegas, NV 89119-6727
CERTIFIED MAIL NO. 7016 3010 0000 0486 3265

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 16th day of March, 2018.

RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE: Shane Spillett vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-768472-C

State of Nevada, Division of Insurance
This document on which this certificate is stamped is a full, true and correct copy of the original.

Date: 3/16/18 By:

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*

DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009 • Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

March 16, 2018

Daniel P. Nubel, Esq.
BOWEN LAW OFFICES
9960 W. Cheyenne Ave., Ste. 250
Las Vegas, NV 89129

RE: Shane Spillett vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-768472-C

Dear Mr. Nubel:

The Division received the service of process documents on March 15, 2018, regarding the above-entitled matter. Service has been completed on State Farm Mutual Automobile Insurance Company this date and enclosed are the following:

1. A copy of our letter to State Farm Mutual Automobile Insurance Company dated March 16, 2018;
2. A certified copy of the Proof of Service dated March 16, 2018; and
3. Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: [signature]
RHONDA KELLY
Service of Process Clerk

Enclosures

c: State Farm Mutual Automobile Insurance Company

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*

DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009 • Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

March 16, 2018

State Farm Mutual Automobile Insurance Company
c/o CSC Services of Nevada, Inc.
2215 Renaissance Dr., Ste. B
Las Vegas, NV 89119-6727

RE: Shane Spillett vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-768472-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on March 15, 2018.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: [signature]
RHONDA KELLY
Service of Process Clerk

Enclosures

c: Daniel P. Nubel, Esq.